DANIEL G. SMITH, Acting Secretary, Department of Revenue
Your predecessor in office requested my opinion whether certain expenses connected with the office of the public administrator were deductible by the county from the State's administrator were deductible by the county from the state's under sec. 72.19, Stats. The answer is "No."
Since at least 1927, sec. 72.17 (3), Stats., has described the duties of the public administrator and then provided that "for such services the public administrator shall be entitled to" certain specified fees to be paid from inheritance tax funds. There is no other provision in the statutes for payment of any further sums — by way of fringe benefits or otherwise — as compensation to the public administrator from the State's share of inheritance tax revenues.
Section 72.19, Stats., requires the county treasurer to make monthly reports to the Department of Revenue showing the inheritance tax collections, by estates, and then provides: "The county treasurer shall also set forth in his report the fees of the public administrator paid in each such estate, the expense of collection, the portion of each tax collection payable to the state and the aggregate amount of the payment to the state of its portion of said tax collections." Prior to 1929, sec. 72.19 required the county treasurer to report the taxes received by him, by estates, but *Page 73 
was silent as to the expense of collection and the fees of the public administrator. Chapter 462, Laws of 1929, added to sec. 72.19 the following sentence:
"The county treasurer shall also set forth in such report the fees of the public administrator paid in each such estate, as well as expenses of collection."
Needless to say, at the time of that amendment there was no thought of fringe benefits such as social security, Wisconsin retirement or life or health insurance premiums for the public administrator. Then, as now, the expenses of collection which the county treasurer might pay from inheritance tax revenues in his hands included witness fees and compensation for appraisers under sec. 72.14, Stats.
All of the items called for in the county treasurer's reports are items which can be submitted on a case-by-case basis, whereas the insurance premiums, retirement contribution and social security contribution could not be broken down by individual estates. It is my conclusion that the expense of collection referred to in sec. 72.19, Stats., is the particular expense attributable to a given estate and cannot be stretched to include the county's payments of fringe benefits, which normally are considered part of compensation for services.
There is only one item of county expense involved in the office of the public administrator, which cannot be accounted for on a case-by-case basis, and which the county is authorized to pay from inheritance tax revenues. That is the cost of bonding the public administrator. Section 253.25, Stats., expressly provides that the county may charge that to the state's share of inheritance tax revenues. In the absence of any similar provision applicable to the fringe benefit costs which you mentioned, I conclude that the county is not entitled to pay those costs from the state's share of inheritance tax revenues.
RWW:EWW *Page 74